# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MUIR HEALTH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-6963 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| HEALTH CARE SERVICE CORP., | ) | |
| BLUE CROSS AND BLUE SHIELD OF | ) | |
| TEXAS, and DOES 1 THROUGH 25, | ) | |
| INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Muir Health, a non-profit healthcare corporation, provides medical services to patients in California. It relies on insurance companies to pay for the services, and it filed this lawsuit about a failure to pay. John Muir Health claims that Defendants Health Care Service Corporation and Blue Cross and Blue Shield of Texas failed to pay for services that it provided to patients covered by Defendants' insurance policies.

John Muir Health initially filed suit in state court, asserting claims under Illinois law for breach of an implied-in-fact contract, and in the alternative, quantum meruit. Before long, Defendants removed the case to federal court based on the notion that federal law preempts the claims. Specifically, Defendants contended that the Employee Retirement Income Security Act of 1974 (also known as "ERISA") preempts the state law claims.

After arriving in federal court, Defendants filed a motion to dismiss, arguing that the complaint failed to state a claim under Illinois law for breach of an implied-in-fact contract or quantum meruit.

The Court denies the motion to dismiss. Defendants are right that federal law completely preempts the state law claims (to the extent that they involve beneficiaries of an ERISA plan), which means that the Court has subject matter jurisdiction. The complaint arises under federal law because ERISA preempts any state law claims. That's enough to get in the door of the federal courthouse. The complaint can stay here, too, because it does enough to state a claim under Rule 12(b)(6).

## Background

At the motion-to-dismiss stage, the Court must accept as true the complaint's well-pleaded allegations. *See Lett v. City of Chicago*, 946 F.3d 398, 399 (7th Cir. 2020). The Court "offer[s] no opinion on the ultimate merits because further development of the record may cast the facts in a light different from the complaint." *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020).

In 2013, healthcare corporation John Muir Health entered into a contract with Anthem Blue Cross (who is not a party in this lawsuit). *See* Cplt., at ¶¶ 3, 11, 16 (Dckt. No. 1-1). Among other things, the contract required John Muir Health to treat individuals who were insured by Anthem Blue Cross health plans, and by other non-Anthem Blue Cross health plans that were "financed, sponsored, and/or administered by member companies belonging to the national Blue Cross Blue Shield Association." *Id.* at ¶ 11.

Defendant Health Care Service Corporation ("HCSC") is one such member of the Blue Cross Blue Shield Association. *Id.* So, although HCSC was not a signatory of the contract between John Muir Health and Anthem Blue Cross, John Muir Health agreed to treat HCSC patients in return for payment from HCSC. *Id.* at ¶ 12.

John Muir Health alleges that from May 2019 to April 2020, it held up its end of the bargain. For almost a year, it "provided medically necessary treatment" to individuals who were beneficiaries of HCSC health plans, after HCSC authorized the services. *Id.* at ¶¶ 13–15. But HCSC never paid John Muir Health for the services. *Id.* at ¶ 21. Instead, it left John Muir Health with unpaid bills totaling $177,559.38. *Id.* at ¶ 20.

In response, John Muir Health sued HCSC in Illinois state court, alleging state law claims of breach of an implied-in-fact contract and, in the alternative, quantum meruit. *See* Cplt. (Dckt. No. 1-1).

Soon after, HCSC filed a notice of removal, bringing the case to the Northern District of Illinois. *See* Notice of Removal (Dckt. No. 1). It removed the case based on federal question jurisdiction. *Id.* at 1. Specifically, it argued that "while John Muir styles its claims in the Complaint as arising under state law, its allegations . . . are more properly characterized as a denial of benefits claim under Section 502(a)" of ERISA, which preempts the state law claims. *Id.* at ¶ 26 (quotation marks omitted).

Once settled in federal court, Defendants then filed a motion to dismiss the complaint. *See* Mtn. to Dismiss (Dckt. No. 13). Defendants argue that the complaint fails to plausibly allege either a breach of an implied-in-fact contract, or a claim for quantum meruit. *See* Mem. in Support of Mtn. to Dismiss, at 3–10 (Dckt. No. 14). That motion is now before the Court.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *See*

*AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive, the complaint must give the defendant fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis**

**I.     Subject Matter Jurisdiction**

Before turning to the motion to dismiss, the Court must ensure that it has subject matter jurisdiction over the case. *See Nw. Mem. Healthcare v. Aetna Better Health of Ill., Inc.*, 2023 WL 2745549, at *2 (N.D. Ill. 2023) ("[A]lthough neither party raises the issue, '[i]t is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.'") (quoting *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007)).

Defendants removed the case to federal court based on federal question jurisdiction. The argument has to do with federal preemption of state law claims. *See* Notice of Removal (Dckt. No. 1). Specifically, Defendants argue that some of the claims are completely preempted by section 502(a) of ERISA, 29 U.S.C. § 1001 *et seq.*

Generally, a defendant may remove any civil action filed in state court that could have been properly brought in federal court under federal question jurisdiction. *See* 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction[.]" *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

To determine whether removal is proper based on section 1441(a), courts generally apply the "well-pleaded complaint" rule, which states that "a defendant cannot remove a case to federal

court unless the plaintiff's complaint demonstrates that the plaintiff's case arises under federal law." *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 723 (7th Cir. 2017) (citing *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983)).

But in the case of complete preemption, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987); *see also Studer*, 867 F.3d at 723; *Sarauer v. Int'l Assoc. of Machinists and Aerospace Workers, Dist. No. 10*, 966 F.3d 661, 669 (7th Cir. 2020) ("[C]ongressional intent to displace a state law cause of action – such that there is no such thing as a state-law claim for violation of the right asserted, only a federal one – is sufficient to create jurisdiction. The state law claim is then said to be completely pre-empted and is considered, from its inception, a federal claim.") (cleaned up).

"The ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila,* 542 U.S. at 209 (quoting *Taylor,* 481 U.S. at 65–66); *see also Studer*, 867 F.3d at 723 ("[A] defendant can remove a plaintiff's state-law claim if the defendant can show complete preemption because the state law claim, 'even if pleaded in terms of state law, is in reality based on federal law.'") (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

In effect, ERISA federalizes certain state law claims. As a result, "causes of action within the scope of the civil enforcement provisions of [ERISA are] removable to federal court." *Taylor*, 481 U.S. at 66.

5

The Supreme Court has paved two steps for determining whether state law claims are completely preempted by section 502(a) of ERISA, meaning the civil enforcement provision of the statute. *See Davila*, 542 U.S. at 210. ERISA completely preempts a state law claim "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." *Id.*

The Court begins with the first step – whether John Muir Health could have brought its claims under section 502(a) of ERISA.

Section 502(a)(1)(B) allows an ERISA plan "participant or beneficiary" to bring an action. *See* 29 U.S.C. § 1132. "When a participant assigns her rights under the plan to a medical provider, that provider qualifies as a 'beneficiary.'" *Advanced Physicians, S.C. v. Nat'l Football League*, 2019 WL 5085335, at *2 (N.D. Ill. 2019) (citing *Penn. Chiropractic Ass'n v. Indep. Hosp. Indem. Plan, Inc.*, 802 F.3d 926, 928 (7th Cir. 2015)).

Here, Defendants submitted evidence that at least one patient that John Muir Health treated – and now bases its claims on – was a participant in an ERISA-governed plan. *See* Notice of Removal, at ¶ 14 (Dckt. No. 1) (citing McMillin Decl., at ¶ 15 (Dckt. No. 1-4)).[1] Specifically, John Muir Health provided Defendants with a claims spreadsheet that listed the names, dates of birth, and member insurance identification numbers for individuals that John Muir Health treated and seeks payment on behalf of. *See* McMillin Decl., at ¶ 14. Defendants confirmed that at least one individual referenced in the claims spreadsheet ("Patient 2") was

---

[1] "In evaluating subject matter jurisdiction, the court can consider summary judgment-type evidence such as affidavits and deposition testimony,' as long as it does not use this evidence 'to pre-try the case." *Brokaw v. Boeing Co.*, 137 F. Supp. 3d 1082, 1092 (N.D. Ill. 2015) (cleaned up). The Court can consider any evidence that "'sheds light on the situation which existed when the case was removed.'" *Id.* (quoting *Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997)).

covered through an employer-sponsored health plan administered by Blue Cross Blue Shield of Illinois and governed by ERISA. *Id.* at ¶ 15.

Additionally, Defendants provided evidence that John Muir Health qualifies as a beneficiary to at least one ERISA plan because it submitted claims to Defendants for medical services rendered to an ERISA patient, pursuant to an assignment of benefits. *See* Notice of Removal, at ¶ 18 (Dckt. No. 1) (citing McMillin Decl., at ¶ 16 (Dckt. No. 1-4)). Patient 2's claim reference, for example, indicates that John Muir Health was marked as "Y" (presumably meaning "Yes") in reference to whether it had received an "Assignment of Benefits." *See* McMillin Decl., at ¶ 16; *see also* McMillin Decl., Exhibit B, Claim Reference (Dckt. No. 1-4, at 193 of 330).

Health care providers with assignments from ERISA participants or beneficiaries – like John Muir Health here – generally have standing to sue under ERISA for benefits owed. *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 429 (7th Cir. 2005) (a claim that "focuses on the defendants' failure to give [the plaintiff] the benefits under the medical plan that he had been promised" "is precisely the kind of claim that ERISA § 502(a) allows plans participants to bring"); *see also Emerus Hosp. Partners, LLC v. Health Care Servs. Corp.*, 41 F. Supp. 3d 695, 699 (N.D. Ill. 2014); *Univ. of Wis. Hosp. & Clinic Auth. v. Aetna Life Ins. Co.*, 2015 WL 1065559, at *3 (W.D. Wis. 2015).

Defendants have done enough to show that this case falls with ERISA's realm. John Muir Health has standing to sue for benefits owed under at least one ERISA plan and, therefore, could have brought its claims under section 502(a) of ERISA. The first *Davila* prong is met.

The second *Davila* prong is met, too. The claims do not implicate any legal duty independent from any duty arising under ERISA.

7

John Muir Health's claims – both for breach of an implied-in-fact contract, and quantum meruit – are based (at least in part) on the alleged non-payments or underpayments by Defendants for medical services rendered to at least one ERISA plan beneficiary, Patient 2. *See* Cplt., at ¶¶ 13–23, 38–44, 58–67 (Dckt. No. 1-1). So, whether John Muir Health is entitled to damages depends on what benefits and payments are owed under the relevant ERISA plans.

ERISA entirely preempts the types of state law claims brought by John Muir Health. *See Emerus Hosp.*, 41 F. Supp. 3d at 700 (finding that the dispute over "the *right* to payment . . . does not involve duties completely independent of an ERISA plan") (emphasis in original). Nothing else in the complaint implicates any other legal duty independent from ERISA.

At bottom, it is a simple complaint. John Muir Health alleges that it provided services, and that Defendants did not pay for the services despite a duty to pay. So it wants Defendants to pay up. There is no independent state law duty hovering over the claims.

Accordingly, the Court concludes that at least part of John Muir Health's claims is completely preempted by a federal statute. The state law claim about the non-payment for services to Patient 2, and maybe other patients, falls within the reach of ERISA. So it arises under federal law. In essence, the state law claims are federalized by ERISA.

Because there is complete preemption of the claims about Patient 2 (and maybe other patients), this Court finds that it has original jurisdiction over the case.

Maybe the complaint also covers patients who were not beneficiaries of an ERISA-covered plan. But if so, it would not undermine this Court's jurisdiction. Any remaining claims – claims relating to non-payments for patients who may not have been beneficiaries of ERISA-covered plans – are "so related to the claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United

8

States Constitution," and the Court has supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); *see also Carmel Specialty Surgery Ctr., LLC v. United Healthcare Servs., Inc.*, 2016 WL 3944751, at *2 (S.D. Ind. 2016) ("To the extent that the Surgery Centers assert additional claims in some of the actions that are not preempted by ERISA, the Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367 at this time.").

## II.     Motion to Dismiss

Federal law preempts at least some of the state law claims (for patients who are beneficiaries of an ERISA plan, that is). But the preemption does not necessarily mean that the claims should be dismissed. *See McDonald*, 425 F.3d at 428. Indeed, the Seventh Circuit has described "complete preemption" as a bit of a "misnomer." *Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000).

"State law is 'completely preempted' in the sense that it has been replaced by federal law – but this happens because federal law takes over all similar claims, not because there is a preemption defense." *Id.* at 919–20. It is a takeover, not a wipeout. *See Sarauer*, 966 F.3d at 669 (noting that a claim that is completely preempted "'is considered, from its inception, a federal claim'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

Framing the claim as a state law claim, when in reality it is a federal claim, does not require dismissal. "Plaintiffs are not required to even plead any legal theory, so specifying an incorrect theory cannot be fatal to a claim." *Hydro-Exc., Inc. v. VCNA Prairie LLC*, 2022 WL 2715856, at *2 (N.D. Ill. 2022) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)).

Instead of dismissing a claim that is preempted under ERISA, or requiring the plaintiff to amend the complaint, a district court simply must ask "whether relief [is] possible based on any

9

legal theory – ERISA included – under any set of facts that could be established consistent with the allegations." *McDonald*, 425 F.3d at 428. A district court must still engage in the typical 12(b)(6) analysis on a motion to dismiss. "The question remains whether the facts [] alleged could, under the favorable standard that applie[s] to Rule 12(b)(6) motions, support any kind of relief." *Id.* at 429.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, the allegations of the complaint do enough to plausibly allege a claim for relief under section 502(a) of ERISA. Under that provision, a plan participant or beneficiary may bring a civil action to "recover benefits due to [it] under the terms of [the] plan, [or] to enforce [its] rights under the terms of the plan." *See* 29 U.S.C. § 1132(a)(1)(B).

John Muir Health seems to be a beneficiary of at least one ERISA-covered plan (again, Patient 2's plan), and it claims that Defendants owe it benefits under that plan. *See* Cplt., at ¶¶ 13–23, 38–44, 58–67 (Dckt. No. 1-1). So, for the same reasons that this Court has subject matter jurisdiction over the case, John Muir Health also does enough to state a claim under

10

ERISA, even though it frames its claims under Illinois law. *See Bartholet*, 953 F.2d at 1078 (holding that a plaintiff's state law claim preempted by ERISA "notifie[d] [the defendant] of the basis of his claim" under ERISA); *White v. Aetna Life Ins. Co.*, 2019 WL 2288447, at *5 (W.D. Ky. 2019) (denying motion to dismiss the plaintiff's state law breach of contract claim because "[i]t is clear, and the parties agree, that Plaintiff is seeking to recover benefits allegedly due to her under the terms of the [ERISA] plan") (citing *McDonald*, 425 F.3d at 428); *Buie v. Maul Excavating, Inc.*, 2018 WL 9651503, at *2 (S.D. Ill. 2018) ("Although not specifically pled as ERISA claims, Plaintiff's allegations suggest that he has a right to relief under the civil enforcement provision of ERISA, § 502(a), 29 U.S.C. § 1132(a)."); *Friedman v. Pension Specialists, Ltd.*, 2012 WL 983784, at *2 (N.D. Ill. 2012) (denying motion to dismiss a plaintiff's state law claims because his allegations were sufficient to "suggest that he has a right to relief under the civil enforcement provision of ERISA"); *Yero v. Life Ins. Co. of N. Am.*, 2016 WL 8716483, at *3 (S.D. Ind. 2016) (denying motion to dismiss the plaintiff's state law claims because "Yero's Complaint sufficiently states a plausible claim for which relief may be granted under ERISA") (citing *McDonald*, 425 F.3d at 424).

Basically, the complaint brought claims about the non-payments, and framed those claims as state law claims about an implied-in-fact contract and quantum meruit. But ERISA preempts those state law claims to the extent that the non-payments involved any patients who were participants in an ERISA-governed plan (like Patient 2). So, even though the complaint speaks in terms of state law, the Court reads the complaint as stating a claim under federal law, meaning section 502(a) of ERISA, for any participants in an ERISA-governed plan.

That said, it is not entirely clear whether all of the patients in question were participants in an ERISA-governed plan. If all of the patients were participants, then ERISA would govern

11

any claims about non-payment for them, too. But if any of the patients were not participants in an ERISA-governed plan, then state law would continue to govern for those patients.

Again, in the latter scenario, this Court could exercise supplemental jurisdiction over any lingering state law claims. But as things stand, the Court does not know if this case involves any such patients. By the look of things, it seems that ERISA could govern all of the relevant plans. *See* Notice of Removal, at ¶ 48 n.3 (Dckt. No. 1) ("HCSC's investigation into the Patients and healthcare claims is ongoing. . . . Patients other than those specifically identified in this Notice of Removal may also have plans that are governed by ERISA, and HCSC expressly reserves its right to identify such Patients, plans governed by ERISA and additional healthcare claims in dispute that are preempted by ERISA as that information becomes known to HCSC.").

This Court is not inclined to resolve a state law issue if there is no need to do so. That is, if all of the patients were covered by an ERISA plan, then there are no state law claims, and there is no need for this Court to do anything.

So, the Court orders as follows. For now, the motion to dismiss is denied, without prejudice. The Court directs the parties to figure out if any of the patients in question were not covered by an ERISA plan. If so, then state law would continue to apply. And then, Defendants could renew their motion to dismiss as necessary.

## Conclusion

For the reasons stated, the Court denies Defendants' motion to dismiss.

Date: July 24, 2023

Steven C. Seeger
United States District Judge